NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALICIA CONNORS,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW HIXON,<br><br>Defendant. | Civil Action No. 22-7027 (KM) (JSA)<br><br><br><br>REPORT AND RECOMMENDATION |

**JESSICA S. ALLEN, United States Magistrate Judge**

**THIS MATTER** comes before the Court upon an Order to Show Cause why this case should not be remanded for lack of subject matter jurisdiction. (ECF No. 10).  Federal courts have an independent obligation to raise issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation.  *Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002); *see also Zambelli Fireworks Mfg. Co., Inc. v. Wood.*, 592 F.3d 412, 418 (3d Cir. 2010).

**I.     RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

On or about December 1, 2022, Plaintiff Alicia Connors ("Plaintiff") filed this replevin action in the Superior Court of New Jersey, Law Division, Hudson County to recover personal property, specifically a dog, of which Plaintiff claims to be the owner, and which has been in Defendant Matthew Hixon's ("Defendant") possession. (Compl. at ¶¶ 9-14, 33; ECF No. 1 at 2). The Complaint alleges that the parties dated for approximately five and a half years during which time Defendant bought Plaintiff a corgi puppy as a Christmas gift. (*Id.* ¶ 2-4).  Plaintiff alleges that the relationship ended in July 2022 and thereafter Defendant unlawfully converted and refused to return the dog. (*Id.* ¶¶ 16, 21-28, 37).  The Complaint states that Plaintiff seeks a judgment

declaring her ownership of the dog and to recover it and further seeks an injunction, compensatory damages, punitive damages, and counsel fees. (*Id.* at 4 & 6).

On December 5, 2022, Defendant removed the civil action to this Court. Following removal, Plaintiff did not formally move to remand the case. Rather, on December 6, 2022, Plaintiff submitted a letter, acknowledging that the parties are completely diverse but contending that her Complaint "solely concerns ownership" of the dog. (ECF No. 2 at 1). Plaintiff further claims that Defendant purchased the dog for $1,400, and that she is not seeking more than $75,000 in damages. (*Id.*). Thus, according to Plaintiff, given only $1,400 is in dispute, the amount in controversy is far less than the jurisdictional threshold needed for federal diversity jurisdiction. (*Id.*).

This Court reviewed Defendant's Notice of Removal. (ECF No. 1). It was clearly facially deficient in that it did not contain, *inter alia,* a short and plain statement of the grounds for removal. *See* 28 U.S.C. § 1446(a). Further, it failed to identify the basis for the District Court's subject matter jurisdiction over this case. (*Id.*). Given Plaintiff's jurisdictional challenge and the deficient Notice of Removal, on December 8, 2022, this Court issued an Order, scheduling a Telephonic Case Management Conference for December 15, 2022 ("the December 15th Conference"), to address what appeared to be a problematic amount in controversy. (ECF No. 3).

On December 14, 2022, Defendant submitted a letter, (ECF No. 6), acknowledging that the dog was purchased for $1,400, but arguing that the nature of Plaintiff's claims and her demand for punitive damages satisfy the amount in controversy requirement. (*Id.* at 1). To that end, Defendant contended that it cannot be stated to a legal certainty that the value of Plaintiff's claim is below the statutory minimum. (*Id.*). As a result, Defendant submitted that the case was properly removed, and the Court has subject matter jurisdiction. (ECF No. 6).

During the December 15th Conference, Plaintiff's counsel clarified that her client is not pursuing compensatory or punitive damages, which counsel then memorialized by letter. (ECF Nos. 7 & 9). In support of her position, Plaintiff's counsel indicated that, on December 15, 2022, she filed an amended complaint in state court, removing any request for punitive or compensatory damages. (*Id.*).[1] On the same date, Defendant filed what appears to be an amended Notice of Removal, (ECF No. 8), stating the grounds for diversity jurisdiction. Specifically, there is complete diversity between the parties and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332(a), based on the nature of Plaintiff's claims and her original demand for punitive damages. (*Id.* at 3).

As the parties continued to dispute the amount in controversy, and the District Court's subject matter jurisdiction remained questionable, the Undersigned issued an Order to Show Cause on December 16, 2022, why this case should not be remanded for lack of subject matter jurisdiction ("Order to Show Cause"). (ECF No. 10). In responding to the Order to Show Cause, Defendant maintains that subject matter jurisdiction is proper because the parties are completely diverse and the amount in controversy requirement was satisfied at the time of removal. (ECF No. 11 at 1-2). Defendant contends that, for purposes of establishing diversity jurisdiction, the amount in controversy should be determined solely from the facts contained in Plaintiff's Complaint not Plaintiff's improper proposed amended complaint. (ECF No. 11 at 3).

In support of his contention, Defendant advances three primary arguments. First, Plaintiff originally filed this action in the state court's Law Division, "which does not have **any** jurisdictional monetary threshold." (*Id.*). Second, Plaintiff's claims for compensatory and punitive damages satisfy the amount in controversy requirement because it cannot be said to a

---

[1] According to Plaintiff, the amended complaint was filed on the state court's docket, but on December 16, 2022, was marked "'deficient'" because the case had been previously removed to this Court. (ECF No. 12).

legal certainty that Plaintiff cannot recover more than $75,000.  (*Id.* at 4).  Finally, Plaintiff's demand for attorneys' fees should be considered as part of the amount in controversy analysis. (*Id.*)

In her response of December 29, 2022, Plaintiff counters there is a legal certainty that she cannot recover the jurisdictional amount, and thus remand is proper for four reasons.  (ECF No. 12 at 2).  First, in this replevin action seeking declaratory and injunctive relief, the amount in controversy is measured by the value of the disputed object, here the dog.  (*Id.* at 2-3).  As a result, the amount in controversy is the $1,400 purchase price of dog, which is far below the jurisdictional threshold.  (*Id.* at 3).  Second, Plaintiff not only previously clarified that she is not seeking punitive damages but now contends there is a legal certainty she cannot recover, in this replevin action, more than $75,000 in punitive damages under the New Jersey Punitive Damages Act.  (*Id.* at 3-4). Third, Plaintiff takes issue with Defendant's contention that by filing the civil action in the Law Division, which has no cap on monetary damages, she has conceded more than $75,000 is in controversy.  (*Id.* at 4). According to Plaintiff, New Jersey Court Rule 4:3-1(a)(4)(e) provides that "'if ownership interest or monetary damages pertaining to personal property, **including pets**, is the only relief sought, the matter shall be filed and heard in the Law Division, Civil Part or Law Division, Special Civil Part.'"  (*Id.*).  Finally, Plaintiff accuses Defendant of forum shopping to avoid the ruling of the Superior Court Judge in favor of Plaintiff.  (*Id.* at 5).

## II.    ANALYSIS

"[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003).  When jurisdiction is questionable, a court may issue an order, requiring the party asserting jurisdiction to prove jurisdiction exists.  *See Berkery v. State  Farm*

*Mutual Automobile Ins. Co.*, 2021 WL 2879511, at * 2 (3d Cir. Jul. 9, 2021) (concluding that "even when neither party raises the issue of subject matter jurisdiction, a federal court must raise the issue on its own…."); *see also Mar Acquisition Grp., LLC v. Oparaji*, 2021 U.S. Dist. LEXIS 155124, at *3 (D.N.J. Aug. 16, 2021).

A defendant may remove a civil action filed in state court to a district court having original jurisdiction over the action. 28 U.S.C. § 1441(a). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (citation omitted); *see Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014) (citation omitted). Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citing *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

Here, Defendant removed the case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). "Diversity exists when there is 'complete diversity' of the parties and the amount in controversy exceeds $75,000." *Jager v. Fleet Mgmt. Rd. Serv.*, 2021 U.S. Dist. LEXIS 204324, at * 6 (D.N.J. Oct. 22, 2021) (citing 28 U.S.C. § 1332(a)). The parties do not dispute that there is complete diversity of citizenship. Plaintiff is a citizen of Pennsylvania, and Defendant is a citizen of New Jersey. (Compl., at ¶¶ 1-2; Am. N/R at 2, ECF No. 8). As previously noted, the dispute surrounds the amount-in-controversy requirement.

Defendant contends that the amount in controversy exceeds $75,000. Defendant accepts the factual allegations contained in the Complaint[2] and asserts that they satisfy the more than

---

[2] The Court determines the amount in controversy by reviewing the complaint at the time it was filed. *Jager*, 2021 U.S. Dist. LEXIS 204324, at * 7 (citing *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016)).

$75,000 threshold. Where, as here, jurisdictional facts are not disputed, "courts must determine whether 'it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount.'"[3] *Wilkins v. Navy Fed. Credit Union*, 2023 U.S. Dist. LEXIS 8491, at *22 (D.N.J. Jan. 28, 2023) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007)); *see also Ifill v. CVS Pharmacy*, 2021 WL 486884, at * 2 (D.N.J. Feb. 9, 2021) (citing *Judon,* 773 F.3d at 502-03).

The Court first considers what effect, if any, Plaintiff's clarification that only $1,400 is in dispute and her disclaimer of any demand for compensatory or punitive damages have on the jurisdictional amount. (ECF No. 2 at 1; ECF No. 7 at 1). "Subsequent events cannot reduce the amount in controversy so as to deprive the court of jurisdiction." *Jager*, 2021 U.S. Dist. LEXIS 204324, at *7 (citation omitted). However, "the court may consider *after-acquired* evidence that the amount in controversy, as of the date of filing of the complaint, did not exceed $75,000." *Id.* (citing *In re Paulsboro Derailment Cases*, 704 Fed. App'x 78, 84 (3d Cir. 2017) (citation omitted)). "'If the complaint is ambiguous as to the damages asserted, the court may consider subsequent documentation.'" *Hernandez-Oquendo v. Hongo Xu*, 2013 U.S. Dist. LEXIS 64103, at *3 (D.N.J. May 3, 2013) (quoting *Lauchheimer v. Gulf Oil*, 6 F. Supp. 2d 339, 344 (D.N.J. 1998)).

As the Third Circuit has made clear, "where a complaint is ambiguous as to the damages asserted and the controversy seems small, it is conceivable that a court justifiably might consider a subsequent stipulation as clarifying rather than amending an original pleading. There is, after all, a distinction between explaining and amending a claim." *Angus v. Shiley*, 989 F.2d 142, 145 n. 3 (3d Cir. 1993).

---

[3] As an aside, the parties do not dispute the application of the "legal certainty" test adopted by the Supreme Court in *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).

Guided by these principles, the Court finds, based on its review of Plaintiff's complaint, that her demand for damages is ambiguous in light of the undisputed $1,400 at issue. In her letter of December 6, 2022, Plaintiff clarified that this replevin action concerns the proper ownership of a dog, which Defendant undisputedly purchased for $1,400. (ECF No. 2 at 1). Plaintiff further clarified that she disclaims any demand for damages over $75,000. To that end, on December 15, 2022, Plaintiff amended her complaint to remove any demand for compensatory or punitive damages, leaving only her demand for a judgment declaring her ownership of the dog and to recover the pet. (ECF No. 7).

The Court finds Plaintiff's representations to be "after-acquired" evidence, which the Court may consider when determining the amount-in-controversy requirement. *See, e.g., DeJoseph v. Cont'l Airlines, Inc.*, 18 F. Supp. 3d 595, 599 (D.N.J. 2014) (finding Plaintiff's disclaimer of any demand for damages over the jurisdictional amount as new evidence properly considered on a motion to remand); *see also Collins v. Bob's Discount*, 2020 WL 6275210 (D.N.J. Sept. 23, 2020). The Court considers Plaintiff's representations as clarifying that she was never seeking more than $75,000 in damages in this action. *See DeJoseph,* 18 F. Supp. 3d at 599. Instead, she seeks only declaratory and injunctive relief. For such matters, the amount in controversy is determined by "the value of the object in the litigation." *Columbia Gas Trans. Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995). Accordingly, the amount in controversy is the value of the dog, i.e., $1,400.

This Court concludes to a legal certainty that Plaintiff could not recover more than $75,000, and thus there is no diversity jurisdiction. The Court, therefore, recommends that this action be remanded on this basis alone.

However, even if this Court rejected Plaintiff's subsequent stipulation as a clarification and instead construed her Complaint as including a demand for compensatory and punitive damages,

as well as attorneys' fees, the Court would still find to a legal certainty that Plaintiff cannot recover over $75,000 based on the applicable law. Punitive damages and attorney's fees are only considered in the calculation of the amount in controversy if they are recoverable under state law. *See Riconda v. U.S. Foods*, 2019 WL 1974831, at \*8 (D.N.J. May 3, 2019) (McNulty). This Court has studied the limited judicial landscape addressing categories of damages available for New Jersey replevin (both statutory and equitable) and conversion claims. It is unclear whether punitive damages are recoverable in a replevin action. *See Dreimuller v. Rogow*, 93. N.J.L. 1, 2-3 (N.J. 1919) (finding award for "exemplary" damages in common law replevin action may be proper); *but see* New Jersey Punitive Damages Act, N.J.S.A. 2A:15-5.9, *et seq.* (requires award of compensatory damages as prerequisite to considering punitive damages). Similarly, it is unclear whether punitive damages are available for conversion claims. As the Third Circuit noted in *Onyiuke,* even assuming they are recoverable, "such damages may only be awarded if a plaintiff demonstrates" actionable conduct by "clear and convincing evidence." *Onyiuke v. Cheap Tickets, Inc.*, 435 Fed. Appx. 136, 139 (3d Cir. 2011).

However, this Court need not consider whether Plaintiff has sufficiently plead allegations to recover punitive damages because the Court finds any punitive damages demand fails to satisfy the jurisdictional amount for an independent reason. Where, as here, the bulk of the recovery is punitive damages, it is insufficient to demonstrate Plaintiff is entitled to over $75,000. As noted above, Plaintiff's damages are based on the market value of the personal property at issue – a household pet. *See Hyland v. Borras*, 316 N.J. Super. 22, 25 (N.J. App. Div. 1998) (in negligence action for damages after defendant's dog attacked and severely injured plaintiff's dog, the Court considered the market value of the dog as a measure of damages as well as the cost of restoring

dog to its initial condition).  Plaintiff's actual damages were $1,400 – based on the undisputed

purchase price of the dog.

Assuming arguendo that Plaintiff could (and did) plead in good faith $1,400 in

compensatory damages, she would have to seek over $73,600 in punitive damages to satisfy the

$75,000 jurisdictional threshold.  As the Third Circuit concluded in *Berkery*, "[s]uch a drastic ratio

between punitive and compensatory damages (over 45 to 1) would almost certainly violate the

Constitution."  *Berkery*, 2021 WL 2879511, at *3 (citing *State Farm Mut. Auto. Ins. Co. v.

Campbell*, 538 U.S. 408, 425 (2003)).  The Third Circuit has required that such drastic ratios

between punitive and compensatory damages be closely scrutinized to satisfy the jurisdictional

amount.  *See, e.g., Berkery*, 2021 WL 2879511, at *3 ("[a]ssuming for the sake of argument that

Berkery could plead in good faith $1,600 in compensatory damages (over twice the amount of his

alleged actual damages), he would have to plead over $73,400 in punitive damages to get 'over

the jurisdictional hump.'"); *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993)

(noting that when a punitive damages claim "comprises the bulk of the amount in controversy and

may have been colorably asserted solely or primarily for the purpose of conferring jurisdiction,

that claim should be given particularly close scrutiny.").

Here, having scrutinized Plaintiff's claim for punitive damages, the Court finds that such a

claim serves as the bulk of the amount in controversy requirement.  This Court further finds no

special circumstances to justify allowing such a drastic ratio between punitive and compensatory

damages to meet the jurisdictional threshold. Indeed, based on the allegations in the Complaint,

the offending conduct does not appear to be particularly egregious.  As a result, a nominal

compensatory damages award would not justify an exceedingly large punitive damages award.

Accordingly, even if Plaintiff were seeking punitive damages, and they could be recovered under

the law, the Court finds that Plaintiff's request for punitive damages alone cannot meet the jurisdictional threshold. *See Berkery*, 2021 WL 2879511, at *3.

Finally, the Court reaches a similar conclusion regarding any request for attorneys' fees. Defendant does not cite any supporting legal authority suggesting that Plaintiff is entitled to attorneys' fees for her replevin and conversion claims, and the Court did not uncover any. Under New Jersey law, attorneys' fees are not recoverable absent express authorization by statute, court rule, or contract. *See First Atlantic v. Perez*, 391 N.J. Super. 419, 425 (App. Div. 2007); *see also Innes v. Marzano-Lesnevich*, 224 N.J. 584, 592-93 (2016). While New Jersey Court Rule 4:42-9 contains certain exceptions to this general rule, conversion and replevin actions are not expressly listed as one of those exceptions. *See* N.J. Ct. R. 4:42-9. Indeed, attorneys' fees are not recoverable in a conversion case. *See, e.g., I.T. v. Scott*, 2015 WL 2382967, at *4 (App. Div. May 20, 2015) (reversing award of attorney fees in conversion case). As such, attorneys' fees cannot be properly considered to meet the jurisdictional amount. *See Riconda v. U.S. Foods*, 2019 WL 1974831, at *8.

Even assuming for the sake of argument that Plaintiff could recover attorneys' fees, "'a claim for an unspecified amount of attorneys' fees does not necessarily satisfy the jurisdictional minimum.'" *Hoffman v. Pharmacare US Inc.*, 2017 U.S. Dist. LEXIS 213227, at *13-14 (Dec.14, 2017) (citation omitted). As one Court in this District concluded, "'[i]n order to satisfy the jurisdictional minimum, the Court would have to award 'a preposterously high amount of attorneys' fees and costs in connection with a nominal amount of compensatory damages' of approximately $44.97, which would be 'inconsistent with the amount in controversy requirement." *Hoffman,* 2017 U.S. Dist. LEXIS 213227, at *14 (quoting *Sacchi v. ABC Fin. Servs., Inc.*, 2014 U.S. Dist. LEXIS 114288 (D.N.J. Aug. 18, 2014)). Further, "courts have routinely rejected the

argument that a plaintiff could meet the amount in controversy by relying primarily on the award of attorneys' fees, rather than compensatory damages." *Id.* (collecting cases).

In light of the foregoing, this Court finds to a legal certainty that the amount in controversy could not exceed $75,000 on this alternative basis. Accordingly, keeping in mind that "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand,'" *Boyer*, 913 F.2d at 111, Defendant has not met his burden of establishing that this Court has subject matter jurisdiction based on diversity.

## III.   CONCLUSION

For the reasons stated above and for good cause shown, this Court respectfully recommends that this matter be **REMANDED** to the Superior Court of New Jersey, Hudson County. The parties are advised that, pursuant to Federal Rule of Civil Procedure 72(b)(2), they have fourteen (14) days after receiving a copy of this Report and Recommendation to serve and file any specific written objections to the Honorable Kevin McNulty, U.S.D.J.

**Dated: February 28, 2023**

> s/ Jessica S. Allen
> **Hon. Jessica S. Allen**
> **United States Magistrate Judge**

cc:   Hon. Kevin McNulty, U.S.D.J.

11