# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **ALICIA CONNORS,**<br><br>　　Plaintiff,<br><br>　　v.<br><br>**MATTHEW HIXON,**<br><br>　　Defendant. | Civ. No. 22-07027 (KM) (JSA)<br><br>**OPINION & ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

Before the Court is the objection of defendant Matthew Hixon to the Honorable Magistrate Judge Jessica S. Allen's Report and Recommendation that the Court remand this action to state court. For the reasons provided herein, I will **OVERRULE** Hixon's objection and **ADOPT** the Report and Recommendation of Judge Allen.

## I.   BACKGROUND

On December 1, 2022, Alicia Connors filed the complaint in this replevin action in the Superior Court of New Jersey, Law Division, Hudson County. (DE 1 at PageID 2.) Connors claims that the defendant, Matthew Hixon, is in sole possession of her personal property, a male corgi puppy of which Connors claims to be the owner. (Compl. ¶¶ 9-14, 33.)[1] Connors alleges that she and Hixon dated for five and a half years during which time Hixon bought her the

---

[1] Certain citations to record are abbreviated as follows:

"DE" = Docket entry number in this case

"Compl." = Connors' Verified Complaint for Equitable Replevin (DE 1 at PageID 2-9)

"R&R" = Judge Allen's Report and Recommendation (DE 20)

"Obj." = Hixon's objection to the Report and Recommendation (DE 21)

"Reply" = Connors' letter brief in response to Hixon's objection (DE 22)

puppy as a Christmas gift. (*Id.* ¶¶ 2-4.) Connors further alleges that her relationship with Hixon ended in July 2022, after which Hixon unlawfully converted and refused to return the dog to her. (*Id.* ¶¶ 16, 21-28, 37.) The complaint states that Connors seeks a judgment declaring her ownership and granting her possession of the dog, as well as an injunction, compensatory damages, punitive damages, and attorney's fees. (*Id.* at 4, 6.)

On December 5, 2022, Hixon removed the action to this Court pursuant to 28 U.S.C. § 1441. (DE 1.) On December 6, 2022, Connors submitted a letter to the Court, acknowledging that the parties are completely diverse but contending that her Complaint "solely concerns ownership" of the dog. (DE 2 at 1.) Connors further states in her letter that Hixon purchased the dog for $1,400, and that she is not seeking more than $75,000 in damages. (*Id.*) As a result, says Connors, the amount in controversy is only $1,400 and therefore does not meet the jurisdictional threshold for invoking this Court's diversity jurisdiction. (*Id.*)

On December 14, 2022, Hixon submitted a letter (DE 6), acknowledging that the dog was purchased for $1,400, but arguing that Connors' claims and her demand for punitive damages and other relief satisfies the amount in controversy requirement. (*Id.* at 1.) Hixon contended—and continues to contend—that it cannot be stated to a legal certainty that the value of Connors' claims is below the jurisdictional minimum, and therefore the case was properly removed and the Court has subject matter jurisdiction. (*Id.*)

On December 15, 2022, Judge Allen convened a telephonic case management conference, during which Plaintiff's counsel clarified that Connors is not pursuing compensatory or punitive damages, which counsel then memorialized by letter. (DE 7, 9.) Plaintiff's counsel also indicated that, on December 15, 2022, she filed an amended complaint in state court, removing any request for punitive or compensatory damages. (*Id.*) On the same date, Hixon filed an amended Notice of Removal, stating the grounds for diversity jurisdiction, *i.e.,* there is complete diversity between the parties and the

2

amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332(a), based on the nature of Connors' claims and her demand for compensatory damages, punitive damages, and attorney's fees as asserted in her original complaint. (*Id.* at 3).

On December 16, 2022, Judge Allen issued an Order to Show Cause why this case should not be remanded for lack of subject matter jurisdiction. On February 28, 2023, after reviewing the parties' submissions, Judge Allen issued a R&R in which she recommends that the Court remand the case to state court, finding that "Plaintiff's representations [constitute] 'after-acquired' evidence, which the Court may consider when determining the amount-in-controversy requirement," and, in any event, concluding "to a legal certainty that Plaintiff could not recover more than $75,000, and thus there is no diversity jurisdiction." (R&R at 7.) On March 14, 2023, Hixon filed an objection in which he essentially reiterated the position he took before the Magistrate Judge. (*See generally* Objection.) On March 27, 2023, Connors filed a response to Hixon's objection. (DE 22.)

## II.   STANDARD OF REVIEW

When a magistrate judge addresses motions that are considered "dispositive," such as motions to remand an action to state court, a magistrate judge submits a report and recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1c(2); *see also In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."). When a party objects to a report and recommendation, "the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.*, No. 13–4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013); 28 U.S.C. § 636(b)(1)(C). And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The

3

district court "may also receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

## III. DISCUSSION

After undertaking a *de novo* review of the record, I accept Judge Allen's findings and adopt her recommendation in full, writing briefly to present my independent analysis and to express my endorsement of Judge Allen's reasoning in her R&R.

To set the stage, Hixon removed this case pursuant to 28 U.S.C. § 1441(a), which permits a defendant to remove a civil action filed in state court to a district court having original jurisdiction over the action. As the removing party, Hixon "bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (citation omitted).[2] Hixon here invokes this Court's diversity jurisdiction, which authorizes the Court to exercise subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *Douglas v. Jones*, 656 Fed. App'x 602, 604 (3d Cir. 2016). The parties do not dispute that they are citizen of different states. (R&R at 5.) Indeed, the single dispositive issue in dispute is whether the amount-in-controversy pre-requisite is satisfied. I agree with Judge Allen that Connors' claims do not meet the jurisdictional threshold.

Generally, the Court must discern the amount in controversy by consulting the face of the complaint and accepting the plaintiff's good faith allegations.[3] *Douglas*, 656 Fed. App'x at 604. After reviewing Connors' original

---

[2]   Moreover, removal is strictly construed and doubts are resolved in favor of remand. *See Samuel–Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

[3]   Hixon dedicates a considerable portion of his objection to arguing that the operative pleading for determining the amount in controversy is Connors' initial Verified Complaint, not the amended complaint she attempted to file in state court to clarify what relief she seeks. (Obj. at 8-12.) This argument is superfluous, and I decline to consider it. My analysis here is not based on the allegations that appear in Connors' amended complaint, and neither was Judge Allen's for that matter.

complaint, I find to a legal certainty that she cannot recover more than $75,000 based on the claims asserted. Connors' complaint contains two counts: 1) "wrongful conversion and replevin," and 2) "equitable replevin and determination of possession of a companion animal." (Compl. at 3-6.) In connection with these claims, Connors initially sought four categories of relief: 1) declaratory and injunctive relief, 2) compensatory damages, 3) punitive damages, and 4) attorney's fees. (*Id.*) I address each of these categories in turn and analyze whether and to what extent they count toward the amount in controversy.

First, in a replevin action seeking declaratory and injunctive relief, the amount in controversy is measured by the value of the property in dispute. Indeed, in all actions "seeking declaratory and injunctive relief, it is well-established that the amount in controversy is measured by the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977); *see also In re Corestates Trust Fee Litigation*, 39 F.3d 61 (3d Cir. 1994) ("In injunction actions, it is settled that the amount in controversy is measured by the value of the right sought to be protected by equitable relief.") Here, it is undisputed that the value of the dog that is the object of this litigation is $1,400. (*See* DE 6 at 1; Reply at 2.)

Second, the compensatory damages available to Connors for wrongful conversion are duplicative of the amount in controversy based on the equitable relief she seeks. Generally, "damages flowing from a [New Jersey] conversion action are measured by 'the fair market value of the converted chattel at the time of conversion by the defendant, with interest from the date of conversion.'" *Kromah v. Kagan*, No. A-3499-17T4, 2019 WL 1283886, at *3 (N.J. Super. Ct. App. Div. Mar. 19, 2019) (quoting Model Jury Charges (Civil), 8.41(A), "Conversion" (approved Mar. 2010)). In this case, that amount is the same $1,400 the parties acknowledge to be the purchase price of the dog. In his objection, Hixon argues that the analysis should not end there. He insists that because Connors' complaint describes the "time, money, energy and emotion"

5

she invested in caring for her "irreplaceable and unique property" (Compl. ¶¶ 43-44), "the damages [she] claims she has suffered increase exponentially beyond the mere value of [the] dog and should have been computed in the calculation of the amount in controversy . . . " (Obj. at 18-19). But Hixon mischaracterizes these portions of Connors' complaint. Connors does not seek damages for emotional distress or seek to be reimbursed for any "investment" she made in caring for her dog. In fact, she alleges that no monetary remedy available at law would be adequate relief.[4] (Compl. ¶ 45.) At bottom, Connors prays for the Court to declare that she is the rightful owner of the dog and to return the dog to her. Granted, Connors makes that equitable request in conjunction with a wrongful conversion claim, but the monetary damages she stands to recover if she succeeds on such a claim amount to $1,400.

Third, Connors is not entitled to attorney's fees for her replevin and conversion claims and, therefore, her request for attorney's fees do not count toward the amount in controversy. Attorney's fees are only factored into the calculation of the amount in controversy if they are recoverable under state law. *See Riconda v. U.S. Foods*, 2019 WL 1974831, at *8 (D.N.J. May 3, 2019). Under New Jersey law, attorney's fees are not recoverable absent express authorization by statute, court rule, or contract. *See First Atlantic v. Perez*, 391 N.J. Super. 419, 425 (App. Div. 2007); *see also Innes v. Marzano-Lesnevich*, 224 N.J. 584, 592-93 (2016). Hixon cites no legal authority that suggests attorney's fees are recoverable here, Judge Allen uncovered none, and my search—unsurprisingly—came up empty as well. In fact, as Judge Allen observed, New Jersey courts do not permit plaintiffs to recover attorney's fees

---

[4] To be clear, New Jersey law does "recognize emotional distress damages as a component of various intentional torts," including conversion. *See Tarr v. Ciasulli*, 181 N.J. 70, 77 (2004) (citing *Harris v. Delaware, Lackawanna & W. R.R.*, 82 N.J.L. 456, 458, (E. & A. 1912) (holding conductor liable in trespass for "humiliation and indignity" caused by wrongful conversion of railroad ticket)). Nevertheless, I find that Connors does not seek emotional damages here and did not allege such damages in her initial complaint.

6

in conversion cases.[5] (R&R at 10 (citing *I.T. v. Scott*, 2015 WL 2382967, at *4 (App. Div. May 20, 2015) (reversing award of attorney fees in conversion case)). Because attorney's fees are not recoverable in this case, the request for attorney's fees that appears in Connors' original complaint has no bearing on the amount in controversy.

Finally, to the extent punitive damages are even available in this case,[6] Connors' demand for punitive damages does not carry the value of her claims across the jurisdictional threshold. Recall that punitive damages aside, the amount in controversy here is $1,400, the purchase price of the dog whose custody is at issue. To exercise this Court's subject matter jurisdiction, I would have to find that Connors can recover more than $73,600 in punitive damages in connection with claims otherwise worth only $1,400, a staggering 52-to-1 ratio. It would be unreasonable and improper for me to do so. According to the Third Circuit, "[s]uch a drastic ratio between punitive and compensatory damages (over 45 to 1) would almost certainly violate the Constitution." *Berkery v. State Farm Mutual Automobile Ins. Co.*, 2021 WL 2879511, at * 2 (3d Cir. Jul. 9, 2021) (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)). I agree with Judge Allen's reasoning in further scrutinizing Connors' demand for punitive damages (R&R at 9-10), and I find as a matter of law that Connors' claims cannot meet the jurisdictional threshold even if I recognized a punitive damages award as a possible factor.

I conclude by briefly commenting on the two remaining arguments in Hixon's objection that I did not have occasion to address in the foregoing analysis. First, Hixon argues that Judge Allen erred by considering Connors'

---

[5] As Judge Allen also observed, "New Jersey Court Rule 4:42-9 contains certain exceptions to this general rule, [but] conversion and replevin actions are not expressly listed as one of those exceptions." (R&R at 10 (citing N.J. Ct. R. 4:42-9).)

[6] Judge Allen remarked that "[i]t is unclear whether punitive damages are recoverable in replevin action," and "it is unclear whether punitive damages are available for conversion claims." (R&R at 8.) My analysis does not require me to answer these questions, so I will not address them further.

7

stipulation clarifying that she is not seeking compensatory or punitive damages. (Obj. 14-16.) This argument is without merit. The Third Circuit has spoken clearly on this issue, noting that "where a complaint is ambiguous as to the damages asserted and the controversy seems small, it is conceivable that a court justifiably might consider a subsequent stipulation as clarifying rather than amending an original pleading. There is, after all, a distinction between explaining and amending a claim." *Angus v. Shiley*, 989 F.2d 142, 145 n. 3 (3d Cir. 1993). Hixon, for his part, argues that the Court can only consider such "after-acquired evidence" if it "consist[s] of information gleaned from the course of pre-trial proceedings such as written discovery or deposition testimony," but cites no legal authority to support his position or any case law contradicting the Third Circuit's comment on the issue. I find that Judge Allen stood on firm ground when she considered Connors' post-removal representations regarding the relief she is seeking in this case, but Hixon's argument is futile in any event. This is because Judge Allen concluded that "[e]ven if this Court rejected Plaintiff's subsequent stipulation . . . the Court would still find to a legal certainty that Plaintiff cannot recover over $75,000 based on the applicable law," consistent with my analysis *supra*. (R&R at 7-8.)

Second, Hixon also argues that the Court should consider the fact that Connors initiated this action in the Superior Court's Law Division, which has no limit on monetary damages, as opposed to Small Claims, which has a $3,000 damages limit, or the Special Civil Part, which has a $15,000 damages limit. (Obj. at 10-11.) This fact has no jurisdictional significance. Indeed, as Connors aptly points out, she was required to bring her claims in the Law Division because "disputes over pets are filed in the Law Division pursuant to New Jersey Court Rule 4:3-1(a)(4)(e)." (Reply at 2.) Her compliance with this rule was unrelated to the damages she was seeking and has no impact on the calculation of the amount in controversy here.

\* \* \*

Hixon's Objection presents no legal or factual argument that leads the Court to a different conclusion than Judge Allen reached in her well-reasoned

8

Report and Recommendation. Because the amount in controversy cannot exceed $75,000, this Court lacks subject matter jurisdiction, and the case must be remanded to state court. 28 U.S.C. §§ 1441(a); 1332(a)(1).

## IV. CONCLUSION

For the reasons set forth above, I overrule Hixon's objection and adopt Judge Allen's Report and Recommendation in full. This matter is remanded to the Superior Court of New Jersey, Hudson County. An appropriate Order accompanies this Opinion.

### ORDER

**THIS MATTER** having come before the Court on the objection of defendant Matthew Hixon to the Honorable Jessica S. Allen's Report and Recommendation (DE 20) that the Court remand this action to state court; and the Court having considered the submissions of the parties (DE 21, 22) without oral argument pursuant to Fed. R. Civ. P. 78(b); for the reasons stated in the accompanying Opinion, and for good cause shown:

**IT IS** this 27th day of April, 2023,

**ORDERED** that Hixon's objection (DE 21) is **OVERRULED**, and Judge Allen's Report and Recommendation (DE 20) is **ADOPTED**; and it is further

**ORDERED** that this case is **REMANDED** to New Jersey Superior Court, Hudson County.

/s/ Kevin McNulty

**Hon. Kevin McNulty**
**United States District Judge**